## STATE v. BURNS

No. 3053.   Decided November 10, 1917.   (168 Pac. 955.)

1. CRIMINAL LAW—APPEAL—SCOPE.   The court, on appeal from a conviction, cannot weigh the evidence.   (Page 74.)

2. RAPE—EVIDENCE—CHARACTER OF FEMALE—ADMISSIBILITY.   In prosecution for having had carnal knowledge of a girl fifteen years of age, the offense being independent of prosecutrix's chastity, it was not error to exclude questions addressed to prosecutrix, whether she went to an assignation house, since such act does not impeach her truth and veracity, to which alone, impeachment should relate. (Page 74.)

3. WITNESSES—COMPETENCY OF IMPEACHING WITNESS—ACQUAINTANCE.   Though witness was not acquainted with prosecutrix before the offense, she could testify to her general reputation for truth and veracity, when prosecutrix was in her care for a considerable time prior to the trial.   (Page 76.)

4. WITNESSES—EFFECT OF IMPEACHMENT BY INCONSISTENT STATEMENTS.   Evidence of statements made by witnesses out of court, contrary to their testimony, can be considered only as to their credibility, and not as evidence of the facts.   (Page 76.)

5. CRIMINAL LAW—APPEAL—DISCRETION—ARGUMENT.   In the absence of abuse of discretion in the latitude allowed an attorney in comment, the court on appeal cannot interfere.   (Page 77.)

6. CRIMINAL LAW—TRIAL—ARGUMENTATIVE INSTRUCTIONS.   Argumentative instructions are properly refused, though they embody correct abstract propositions.   (Page 78.)

7. CRIMINAL LAW—TRIAL—REPEATING INSTRUCTIONS.   It is not error to refuse requested instructions covered by the charge given.   (Page 78.)

Appeal from District Court, Third District; *Hon. C. W. Morse*, Judge.

J. F. Burns was convicted of an offense. He appeals.

AFFIRMED.

*S. A. King,* for appellant.

*D. B. Shields,* Atty. Gen., and *James H. Wolfe* and *O. C. Dalby,* Asst. Attys. Gen., for the State.

FRICK, C. J.

The defendant was convicted of having had carnal knowledge of the prosecutrix, a girl of the age of fifteen years. The offense, under our statute, constituted a felony and is punishable accordingly. The defendant appeals and has assigned numerous errors which his counsel, in their brief, however, state "involve but four or five legal questions."

Counsel, in their brief, have devoted much time and space to a discussion of the evidence, and they earnestly contend that it is insufficient to sustain the verdict of the jury. We could subserve no good purpose in reviewing the evidence in this opinion. It must suffice to say that there is ample evidence to sustain the verdict. Counsel, however, contend that the testimony of the prosecutrix was not worthy of belief, and hence should not have been believed by the jury. That, however, is a matter over which we have no control. The Constitution forbids us from weighing the evidence in law cases. It has been repeatedly held by this court in cases like the one at bar that the evidence of the prosecutrix that the defendant had sexual intercourse with her if believed by the jury, is alone sufficient to sustain a conviction. In the absence of legislation to the contrary, we have no right to say what quantum of evidence shall be necessary to establish a given fact or facts, so long as there is substantial evidence in support of such fact or facts. The assignment that the evidence is insufficient to sustain the verdict must therefore fail.

It is further urged that the trial court erred in sustaining the state's objections to certain questions pro-

pounded to the prosecutrix on cross-examination. The questions referred to are as follows:

"When you went to Ogden, you went to an assignation house there, didn't you? It is a fact, is it not, that you went to Ogden and went to an improper rooming house?"

Counsel concede that answers to the foregoing questions would not have thrown any light upon the question of whether the defendant was guilty of the act charged or not, but they nevertheless insist that the questions were proper to show the character of the prosecutrix. The statute under which the defendant was convicted was adopted to protect young girls between the ages of thirteen and eighteen years, regardless of whether such girls are chaste or unchaste. Their characters or moral tendencies respecting the prohibited acts are wholly immaterial. Of course, that does not prevent the defendant in such a case from assailing the general reputation of the prosecutrix for truth and veracity. Merely to show that a young girl, for whose protection the statute was adopted, is inclined to yield to sexual embraces, however, does not impeach her general character or reputation for truth and veracity. We do not wish to be understood as holding—nor do we hold—that the trial courts may not, under certain circumstances, permit defendants to propound certain questions regarding the character or disposition of the prosecutrix, but what we now hold is that in this case the trial court committed no error in sustaining the objections to the questions propounded, and that in cases of this kind the trial courts should be very careful not to permit the moral tendencies of young girls to be made an issue in the case. There are a number of other questions of the same character, all of which, however, are disposed of by the foregoing ruling and therefore require no further comment.

It is further insisted that the trial court erred in overruling counsel's objections to certain questions propounded by the state to one of defendant's witnesses on cross-examination. It is not necessary to set forth these questions in this opinion. It is sufficient to say that in view of the whole evidence of the

witness it is quite clear that the trial court committed no error in overruling the objections.

It is next contended that the lower court erred in permitting a certain witness to testify to the general reputation of the prosecutrix for truth and veracity. The defense assailed the general reputation of the prosecutrix for truth and veracity. The state, on rebuttal, produced one Grace C. Mettler, who was the superintendent of the institution where the prosecutrix was staying some time prior to and at the time of the trial, who testified that the general reputation of the prosecutrix for truth and veracity was good. It is contended that the witness had not known the prosecutrix a sufficient length of time to qualify her to testify upon the subject of general reputation for truth and veracity. While it is true that the witness was not acquainted with the prosecutrix before the alleged offense was committed, yet the prosecutrix was in charge and under the control of the witness for a sufficient length of time for her to gain some substantial information and knowledge respecting the general character and reputation of the prosecutrix for truth and veracity. All of the facts and circumstances in that regard were before the court and jury and it was for the jury to determine what, if any, effect should be given to the testimony of the witness. Moreover, the qualification of the witness was, to some extent at least, within the sound legal discretion of the trial judge and in view of the whole record we are clearly of the opinion that no prejudicial error resulted to the defendant from the ruling of the district court.

It is next contended that the court erred in giving the following instruction to the jury:

"Evidence has been introduced of statements made by witnesses out of court, contrary to the testimony given by them upon the witness stand. *You are instructed that such evidence cannot be considered by you as any proof of the facts contained in such statements, but can only be considered as affecting the credibility of such witnesses, and the weight that should be given to their testimony.*" (Italics ours.)

It is insisted that the portion of the instruction we have italicized is erroneous. It seems to us that a mere cursory reading of the instruction is sufficient to refute the contention. Impeaching evidence of the character referred to in the instruction is admissible for the sole purpose of informing the jury that the witness in question has made contradictory or conflicting statements regarding a particular fact in issue. The jury may thus take those statements into consideration in determining the credibility of the witness and the weight that should be given to his testimony. In any other respect the evidence is merely hearsay, and hence not competent to establish the facts contained in the conflicting statements which it is alleged were made by the witness. This precise question was decided adversely to counsel's contention in the case of *State* v. *Chynoweth,* 41 Utah, 354, 126 Pac. 302. The district court therefore correctly stated the law upon the subject and hence committed no error.

It is also contended that the prosecuting attorney was guilty of misconduct in his argument to the jury in referring to a witness who had testified on behalf of the defendant during the trial. Much latitude must necessarily be given counsel in summing up the evidence and in drawing inferences and in making deductions from the facts testified to by the several witnesses and in commenting on the conduct of the witnesses. It goes without saying that zeal sometimes betrays the most conscientious attorney into making statements that border upon, if they do not actually transcend, the bounds of proper argument. It is, however, not every transgression of that character that authorizes a court to set a judgment of conviction aside. Moreover the conduct of the trial and the arguments of counsel are under the direct supervision of the trial courts, and unless an abuse of discretion is shown in that regard we may not interfere with the judgment. No abuse of discretion appears from the record in this case.

Finally, it is contended that the court erred in refusing to charge the jury as requested by counsel for the defendant. While perhaps all of the requests contained correct proposi-

tions of law, yet all of them were argumentative, and, for that reason alone, the court properly refused them.     6, 7 In addition to that however the court's charge sufficiently covered all of the material issues in the case and, for that reason also, the court committed no error in refusing the requests.

Upon the whole record we are clearly of the opinion that every substantial right of the defendant was guarded and protected by the trial court, and that the judgment should be affirmed.    Such is the order.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.