Appeal from Sixth District

STATE v. CARTER.

No. 3177.   Decided May 31, 1918.   (173 Pac. 459.)

1. RAPE—EVIDENCE—UNCORROBORATED TESTIMONY. In a prosecution for having carnal knowledge of a female under the age of 18 years and over the age of thirteen years, the uncorroborated evidence of prosecutrix is sufficient to sustain conviction.[1]   (Page 306.)

2. CRIMINAL LAW—REVIEW—VERDICT. Verdict of conviction will not be disturbed on appeal where there is substantial evidence in support thereof.   (Page 306.)

3. CRIMINAL LAW—JURISDICTION OF LOWER COURT PENDING APPEAL. Where an appeal has been perfected, the case ceases to be pending in the lower court, and is thereafter pending in higher court until there disposed of.   (Page 308.)

4. CRIMINAL LAW—APPEAL—JURISDICTION OF LOWER COURT. Where lower court was without jurisdiction to entertain a second motion for new trial because, an appeal having been perfected, the case was no longer pending in lower court, the court on appeal will not review court's ruling on such motion.   (Page 310.)

Appeal from the District Court of Sevier County, Sixth District; *Hon. H. N. Hayes*, Judge.

W. H. Carter was convicted of having carnal knowledge of a female under the age of eighteen years and over the age of thirteen.   Defendant appeals.

AFFIRMED.

*S. A. King* and *Geo. T. Bean* for appellant.

*Dan B. Shields*, Atty. Gen., and *O. C. Dalby* and *H. Van Dam, Jr.*, Asst. Atty. Gen., for the State.

---

[1] *State v. Hilberg*, 22 Utah, 27, 61 Pac. 215; *State v. Reese*, 43 Utah, 454, 135 Pac. 270; *State v. Bayes*, 47 Utah, 474, 155 Pac. 335; *State v. Burns*, 51 Utah 73, 168 Pac. 955.

FRICK, C. J.

The defendant was charged with and convicted of the crime of having had carnal knowledge of a female under the age of eighteen years and over the age of thirteen years, which is a felony under our statute. The district court, after denying defendant's motion for a new trial, sentenced him to an indefinite term in the state prison in conformity with our statute. He appeals from the judgment.

The first error assigned is that, in view of the circumstances disclosed by the record, the evidence should be held insufficient to sustain the verdict of the jury.

The young girl, of whom it is alleged the defendant had carnal knowledge, and who hereinafter will be referred to merely as the prosecutrix, was the only witness who testified to the sexual intercourse between her and the defendant. This court has repeatedly held that under our 1, 2 statute the testimony of the prosecutrix, although uncorroborated, is sufficient to sustain a conviction. *State* v. *Hilberg,* 22 Utah, 27, 61 Pac. 215; *State* v. *Reese,* 43 Utah, 454, 135 Pac. 270; *State* v. *Bayes,* 47 Utah, 474, 155 Pac. 335; *State* v. *Burns,* 51 Utah, 73, 168 Pac. 955. Defendant's counsel, however, contend that in this case the circumstances are such that but little, if any, weight should be given to the testimony of the prosecutrix. Her testimony respecting the sexual act is, however, direct and positive. All the facts and circumstances relating to the offense, as well as those occurring thereafter, which were material, were all before the jury, and it was for them to say what weight and effect should be given to the testimony of the prosecutrix, and to what extent, if at all, her veracity was affected. It could subserve no good purpose, nor would it add anything to the weight or effect of this opinion, if we should detail the facts and circumstances upon which the defendant relies for a reversal of the judgment in the particulars just stated. The rulings of this court are numerous and uniform to the effect that we are powerless to determine questions of fact, and hence equally powerless to weigh and determine the probative force or effect of competent evidence in law cases. Hence we cannot interfere in any

case where there is substantial evidence in support of the verdict of the jury. If this court should refuse to be bound by the findings of the jury in a case where, in the judgment of the members of this court, the evidence is unsatisfactory or doubtful, it would not be long before some reason could be found for setting aside every verdict which, in the minds of the majority of the court, is unsatisfactory because the evidence is inconclusive. That we may not do. Nor do we deem it wise in this class of cases to dwell upon the details of the evidence, or of the circumstances, and point out why the jury was justified in arriving at a particular conclusion. It must suffice to say that where, as here, the testimony of the prosecutrix is direct and positive respecting the sexual act, we cannot interfere upon the ground that the jury erred in believing her statements.

It is next urged that the court erred in denying defendant's motion for a new trial. The motion was based upon the ground of newly discovered evidence. A careful examination of the affidavits which were filed in support of the motion, however, shows that the district court did not abuse its discretion in denying the motion, and hence this assignment must likewise fail.

Defendant's counsel, however, somewhat earnestly insist that the court erred in denying what they term their second or additional motion for a new trial, which was likewise based upon the ground of newly discovered evidence, and which, like the first motion, was supported by affidavits in which the alleged newly discovered evidence was set forth. The facts with respect to the second motion for a new trial, in substance, are as follows: The verdict of the jury was returned on the 16th day of May, 1917. On the 21st day of that month, and within the time required by the statute, defendant filed his original motion for a new trial, which, as before stated, was supported by affidavits. On July 2, 1917, the court overruled the motion for a new trial and imposed sentence, and on the same day issued an order of probable cause preparatory to the appeal. The defendant, on the same day, served and filed his notice of appeal. On December 15, 1917, he filed his

transcript on appeal in this court, and the case was regularly set for hearing in this court for the February, 1918, term. The case was, however, continued over that term by agreement between defendant's counsel and the Attorney General. After the case 'had been continued as aforesaid, and while it was pending in this court, to wit, on the 11th day of April, 1918, defendant's counsel filed what they term an "additional motion" for a new trial upon the ground of newly discovered evidence. The second motion was also supported by affidavits. Notwithstanding the appeal, the district court entertained the motion and heard and passed on the alleged newly discovered evidence, and on the 27th day of April, 1918, denied the second motion for a new trial. Defendant's counsel have also assigned that ruling of the court as error by filing additional assignments of error, and at the hearing insisted upon the last assignment.

The proceeding relating to the second or additional motion for a new trial is not only extraordinary, it is unique. Comp. Laws 1907, section 4953, as amended by chapter 113, Laws Utah 1915, provides that the application for a new trial "must be served and filed within five days after the          3 rendition of the verdict." It is further provided that "the affidavits in support thereof must be served and filed within thirty days after 'filing" the motion. Section 4959 provides: "All appeals in criminal cases must be taken within two months after the entry of the judgment appealed from." Section 4966 fixes the time within which the transcript on appeal must be filed in this court after the appeal is taken. The transcript on appeal in this case, as before stated, was filed in this court on December 15, 1917. If we assume, therefore, that the appeal in this case was properly taken, and that all the proceedings up to and including the filing of the transcript on appeal were regularly and timely taken and had, yet, in view that the notice of appeal was served and filed on July 2, 1917, and the transcript on appeal was filed in this court on December 15, 1917, from at least which time the case was pending in this court, we cannot see how the ruling of the district court on the second or additional motion

for a new trial can be given any effect whatever. After an appeal is perfected the case ceases to be pending in the court from which the appeal is taken, but thereafter is deemed pending in the appellate court until finally disposed of there. The rule in that regard is clearly stated in Elliott, App. Pro., section 541, in the following words:

"The overwhelming weight of authority is that an appeal, properly perfected, removes the case wholly and absolutely from the trial court and places it in the higher tribunal. It is difficult to conceive how it could be otherwise, since it is not possible that two courts can have authority over a single case at the same time. The case must, of invincible necessity, be in the higher court or in the lower court, for it cannot be in both courts. As the authority of the inferior yields to the superior, the case is, for all purposes connected with the consideration and decision of the questions involved in it, completely within the jurisdiction of the appellate tribunal."

Numerous cases are cited by the author in support of the text. The same doctrine is, however, stated in 3 C. J. under the subject of "Appeal and Error," section 1369, p. 1255, where the authorities are collated. The only difference among the courts relates to the power of the court from which the appeal is taken to affect the record on appeal. The true rule in that regard is stated in 3 C. J. p. 1254, section 1367, in the following words:

"The lower court does not, by reason of the appeal, lose its jurisdiction to do anything that may be necessary for the presentation of the case in the appellate court. During the time within which, by law, a party may file his statement or transcript upon appeal and have it settled the court retains jurisdiction for that purpose, and a settlement and filing of the bill of exceptions, after judgment and appeal taken, is a matter embraced in the action."

This court, in a number of cases, has announced the same doctrine from the bench, but no opinion to that effect has been filed so far as the writer is aware. Assuming, therefore, that the appeal in this case was timely, and that the proceedings up to the filing of the transcript in this court were regular, yet that does not confer power upon this court to pass upon the so-called additional or second motion for a new trial. That must necessarily follow from the fact that the district court

was utterly without jurisdiction to entertain the additional or second motion for a new trial after the appeal had been taken to this court. The district court being without jurisdiction to entertain the motion, this court is necessarily without power to review its rulings in that regard. The rulings of the district court on the additional or second motion for a new trial was therefore the same as though no ruling had been made and hence there is nothing for this court to review.

We desire to add in conclusion that the case was fully and fairly submitted to the jury upon instructions that were as favorable to the defendant as the law permitted.

No prejudicial error appearing from the record, it necessarily follows that the judgment should be, and it accordingly is, affirmed.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.