## STATE v. SHAW.

No. 3756.  Decided March 9, 1922.  (205 Pac. 339.)

1. CRIMINAL LAW—REFUSAL OF SPECIFIC CHARGE COVERED BY GENERAL INSTRUCTION NOT ERROR. Where the court fully instructed not to convict if the jury had a reasonable doubt of defendant's guilt, refusal to charge that, if any juror entertained such a doubt, he should not vote guilty solely because other jurors favored such verdict, was not error.

2. CRIMINAL LAW—REQUESTED INSTRUCTION HELD ERRONEOUS, AS LEADING JURORS TO BELIEVE VERDICT MUST BE REACHED AND ADHERED TO WITHOUT DELIBERATION WITH FELLOW JURORS. A requested charge that any juror entertaining a reasonable doubt of defendant's guilt should not vote guilty because other jurors favored such verdict held erroneous, as calculated to lead a juror to believe that his verdict must be reached and adhered to

without consideration and deliberation with his fellow jurors, thus inviting an acquittal or disagreement.[1]

3. CRIMINAL LAW—REQUESTED INSTRUCTION TO SCRUTINIZE PROSECUTING WITNESS' EVIDENCE WITH CAUTION HELD PROPERLY REFUSED, IN VIEW OF CHARGE GIVEN. Where the court fully charged the jurors as to their duty in weighing the testimony, refusal of charge to scrutinize the prosecuting witness' evidence with caution was not error.

4. CRIMINAL LAW—ORDER TO VIEW PREMISES AFTER JURY'S RETIREMENT AND SEPARATION OF JURY HELD NOT REVERSIBLE ERROR. That an order to view the premises was not made until after the jury had retired, and that the jury were separated by being permitted to ride in two automobiles, *held* not reversible error, where it was not shown by appellant, at whose request the order was made, that any juror was guilty of any misconduct while on the trip, that any one communicated with them, or that any prejudice resulted.

Appeal from District Court, Second District, Weber County; *J. N. Kimball,* Judge.

George Shaw was convicted of having carnal knowledge of a female under 18 years of age, and he appeals.

AFFIRMED.

*George Halverson,* of Ogden, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hall Farr,* Asst. Atty. Gen., for the State.

FRICK, J.

The defendant was charged with and convicted of the crime of having had carnal knowledge of a female over the age of 13 years and under the age of 18 years, which, under our statute, constitutes a felony. He appeals.

---

[1] *Salt Lake City* v. *Robinson,* 40 Utah, 448, 125 Pac. 657.

In his brief he relies upon three alleged errors which (stating them in the language of his counsel) are:

"Did the court err in denying defendant's motion for a new trial in refusing:

"(1)   To give defendant's request No. 8 reading as follows: 'Before you can find the defendant guilty each juror must be convinced from the evidence, beyond a reasonable doubt, of the defendant's guilt, and if any one of you entertains a reasonable doubt as to the defendant's guilt he should not concur in a verdict of guilty.'

"(2)   To give defendant's request No. 10 reading as follows:  'I charge you that you should scrutinize the evidence of the prosecuting witness in this case with caution, as she has told you that her statements in this case were made under influence of threats of death.'

"(3)   On account of the separation of the jury, without leave of court, after retiring to deliberate upon their verdict, without being in the custody of the officer in whose charge they were, before bringing in a verdict."

We shall consider the alleged errors in the order in which they are stated.

Defendant's counsel refer to the case of *Salt Lake City* v. *Robinson,* 40 Utah, 448, 125 Pac. 657, in support of their contention.   A mere cursory examination of that case, however, shows that the court there refused a request substantially like the one requested in this case, but charged the jury as follows:

"You are instructed that, if after due consideration of the whole case and discussion thereof with your fellow jurymen, any juror entertains a reasonable doubt of the guilt of defendant, it is the duty of the juror so entertaining such a doubt not to vote for a verdict of guilty nor to be influenced in so voting for the sole reason that other jurors would be in favor of a verdict of guilty."

It was there held that the court committed no error in refusing the requested instruction.   While it is true that in the case at bar the district court did not specifically charge the jury that in case any juror entertained a reasonable doubt of defendant's guilt it was his duty not to vote for conviction, the court, nevertheless, fully and in clear and explicit language charged the jury that they could not convict so long as they entertained a reasonable doubt of defendant's guilt.   Indeed, the instructions consid-

ered as a whole, in clear and unmistakable language, gave the jury full information upon every phase of the law applicable to the facts of the case. While no doubt it would be proper to charge the jury as was done in *Salt Lake City* v. *Robinson,* supra, yet where, as here, the jury were otherwise fully instructed, it would not constitute prejudicial error not to specifically charge the jury upon the subject.

Moreover, the language of the request in this case is clearly objectionable in that it does not correctly reflect the law. In *Cunningham* v. *State,* 117 Ala. 59, 23 South. 693, the defendant requested the court to charge as follows:

"If there be one juryman who believes the state has not proven the defendant guilty beyond a reasonable doubt, and to a moral certainty, then this juryman should not consent to a verdict of guilty."

The court (117 Ala. at page 66, 23 South. 695) said:

"Aside from the inartificial manner in which the charge is drawn, it is vicious in that it is calculated to impress the mind of a juror with the idea that his verdict must be reached and adhered to without the aid of that consideration and deliberation with his fellow jurors which the law intends shall take place in the jury room."

In *Davis* v. *State,* 63 Ohio St. 173, 57 N. E. 1099 a request to charge like the one in question here was refused and the defendant excepted. In passing on the request the Supreme Court of Ohio said:

"The court was requested to charge the jury that each juror must be convinced beyond a reasonable doubt of the guilt of the defendants before uniting in a verdict of guilty. This the court refused, but did charge that the jury must be convinced beyond a reasonable doubt before finding the defendants guilty. We think the request asked was properly refused, and that the proper instruction was given. The request as asked would seem to invite an acquittal, or at least a disagreement, and was therefore misleading. It is true that each juror must be convinced of the guilt of the defendant before uniting in a verdict against him, and this is generally understood; but it is equally true that each should confer with his fellows, and listen to what they have to urge in weighing the evidence, whether it be for or against an acquittal, and not obstinately stand upon his own opinion in the matter. The request asked and refused by the court would tend to such a result, and was therefore properly refused. *State* v. *Hamilton,* 57 Iowa, 596; *State* v. *Robinson,* 12 Wash. 491; *State* v. *Young,* 105 Mo. 634, 640."

The law, it seems to us, is correctly reflected in the foregoing excerpts. If the language of defendant's request should be literally applied, it would be useless to have a jury retire to deliberate upon their verdict; but each juror should be required to announce his conclusion before leaving the jury box. The jury is instructed in the law of the case, and is required to deliberate upon their verdict, so as to arrive at a correct result. While it is true that each juror must be convinced of the defendant's guilt beyond a reasonable doubt, yet he not only may ascertain his fellow jurors' views of the evidence, but it is his duty to do so, since no one is infallible, and may have misunderstood or may have taken a wrong view of some phase of the evidence. Numerous cases might be cited which support the texts quoted from the Alabama and Ohio cases, but it is not necessary to do so. Moreover, the case of *Salt Lake City* v. *Robinson,* supra, is in harmony with the cases quoted from. The district court therefore committed no error in refusing the request.

Nor did the court err in refusing the request to charge that the jury "should scrutinize the evidence of the prosecuting witness in the case with caution." The court fully and clearly charged the jurors respecting their duty in weighing the testimony of the witnesses and the elements that they should bear in mind and consider in determining the weight and effect that should be given to the statements of the several witnesses. In view of the statements of the prosecutrix as they are made to appear from the bill of exceptions, and as they were before the jury, the request was wholly unnecessary, even though it were conceded that the court would have committed no error in giving the request. While cautionary instructions respecting the weight or effect of certain evidence are sometimes proper, yet great care should be exercised by the court in giving such instructions, and in no event should the court single out the statements of one witness, unless such a course is required by the statute or authorized by law. Quite apart from this, however, we can perceive nothing in the testimony of the prosecuting wit-

ness which would have authorized the court to charge as requested.

This brings us to the third and last assignment. It is made to appear from the evidence that there was some discrepancy between the statements of the prosecuting witness and those of the defendant respecting the place where she alleged that the sexual act was committed. The prosecutrix contended that it was committed some distance south of Ogden in the country, and that defendant had turned from the main traveled road with the automobile in which the two were riding. There was also more or less confusion in the evidence respecting the road the defendant traveled with the automobile, and where he stopped and turned from the main traveled road, etc. The jury, it seems, had some difficulty in reconciling the conflicting statements of the witnesses in that regard. In view of that difficulty, the jury, some time after they had retired to deliberate upon their verdict, came into court and asked that they be taken over the route which the testimony showed the defendant had driven the automobile, and to the place the prosecutrix testified he had stopped the car and had departed from the main traveled road. Both counsel for the state and for the defendant consented that the jury should be permitted to go over the route. The court, however, declined to make such an order, and directed the jury to retire and deliberate further. After the jury had done so for a considerable length of time, they again appeared in court and requested to be permitted to go over the route as before stated.

At this time counsel for defendant specially requested that the court make the order and counsel for the state consented. The court then called in the sheriff and told him what the parties requested and asked him to provide a conveyance for the jury. The court gave full instructions to the sheriff how the jurors should be taken to the several places, and cautioned him fully with respect to his duty, and likewise cautioned the jury with respect to their conduct. It seems that the sheriff provided two automobiles to accommodate the jury, and thus some of them were conveyed in one automobile

and the rest in another. In that way the jury was separated, and not otherwise. Nothing is made to appear that any juror was guilty of any misconduct while on the trip. Nor is it made to appear that any person communicated with them, or any of them, concerning the case. In view that defendant's counsel specially requested the court to make the order and to permit the sheriff to take the jury to the places to which they were taken, they should at least be required to point to some fact or circumstance which resulted in prejudice to their client. While it is true that, in view that the order "to view the premises" was not made until after the jury had retired to deliberate upon their verdict, the order was clearly irregular, yet it is also true that it was made at the special instance and request of defendant's counsel. Under such circumstances, and especially in view that no prejudice is shown, it would be a traversty of justice to reverse a judgment upon such a ground. If the order to view had been timely made, and the jury had been ordered to view the premises, they would have seen precisely what they saw when they were taken out. In the absence of any showing of misconduct, therefore, it is not easy to understand how the defendant could have been prejudiced merely because the jury was permitted upon counsel's request to go to view the premises after, rather than before, they had retired to deliberate upon their verdict. If no prejudice would have resulted in the first instance, we cannot perceive how, in view of defendant's request, any could have resulted merely because the jury went out afterwards, and that they were permitted to ride in two, instead of being crowded into one automobile.

From what has been said, it follows that the judgment should be, and it accordingly is, affirmed.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.