## STATE v. RUTLEDGE.

No. 4100.　Decided July 3, 1924.　(227 Pac. 479.)

1. CRIMINAL LAW—INDICTMENT AND INFORMATION—FAILURE TO FILE INFORMATION WITHIN 30 DAYS AFTER COMMITMENT HELD NOT GROUND FOR DISCHARGE OR QUASHING INFORMATION. Failure of the district attorney to file information against accused within 30 days after accused's commitment, as he is by Comp. Laws 1917, § 8779, instructed to do, *held* not to entitle accused to a discharge, or ground for quashing information under section 8878; his right to have a speedy trial under Const. art. 1, § 12, being secured by Comp. Laws 1917, § 9345.[1]

2. CRIMINAL LAW—STATEMENT AS TO ACCUSED'S COURTING PROSECUTRIX HELD NOT PREJUDICIAL. Where there was considerable competent evidence showing association and interest as well as attachment and affection by accused for prosecutrix, the voluntary expression of the opinion or conclusion of the witness that "it appeared to me that he was courting the girl" *held* not prejudicial to accused.

3. CRIMINAL LAW—RAPE—CROSS-EXAMINATION OF ACCUSED AS TO HIS FINANCIAL CONDITION WHEN HE LOANED MONEY TO PARENTS OF PROSECUTRIX HELD PROPER AND NOT PREJUDICIAL. Where accused testified that previous to the offense charged he loaned $25 to parents of prosecutrix to pay her hospital and surgical expenses, cross-examination concerning his indebtedness to others *held* proper as showing that the loan indicated an unusual interest and solicitude by accused for prosecutrix, and not prejudicial if erroneous.

4. CRIMINAL LAW—EXCLUSION OF TESTIMONY THAT PROSECUTRIX HAD SEVERAL TIMES MADE VARIANT STATEMENTS HELD NOT TO REQUIRE REVERSAL. An impeaching witness testified prosecutrix made contradictory statements at a former hearing, and was then asked whether prosecutrix had repeated the contradictory statement two or three times, to which question trial court sustained state's objection on ground no foundation was laid. *Held* that, if the exclusion was error, it was not sufficient to warrant a reversal.

5. CRIMINAL LAW—REFUSAL TO GIVE CAUTIONARY INSTRUCTIONS HELD NOT ERROR, IN VIEW OF TESTIMONY AND OTHER INSTRUC-

---

[1] *State* v. *Reynolds*, 24 Utah, 29, 66 Pac. 614.

TIONS. Refusal to give cautionary instructions on trial for carnal knowledge *held* not error, in view of the corroboration of testimony of prosecutrix and of the instructions given by the court.[2]

Appeal from District Court, First District, Cache County; *M. C. Harris,* Judge.

Frank L. Rutledge was convicted of having carnal knowledge of female under 16 years, not his wife, and he appeals.

AFFIRMED.

*T. D. Lewis,* of Salt Lake City, for appellant:

*Harvey H. Cluff,* Atty. Gen., and *W. Hal Farr,* Asst. Atty. Gen., for the State.

CHERRY, J.

The defendant was convicted of having had carnal knowledge of a female, 16 years of age and not his wife, and was sentenced to an indeterminate term in the state prison, from which judgment he has appealed.

Before his arraignment, defendant moved the court to quash the information filed against him for the reason that it was not filed within 30 days after the defendant was committed and held to answer the charge by the committing magistrate. The order committing the defendant was made on September 5, 1923, and the information was filed on October 13, 1923, or 38 days thereafter. The motion was overruled, an exception taken, and the overruling of the motion is now assigned as error. The motion was based on Comp. Laws Utah 1917, § 8779, which is as follows:

"When a defendant has been examined and committed as provided in this Code, it shall be the duty of the district attorney, within thirty days thereafter, to file in the district court of the county in which the offense is triable an information charging the

2 *State* v. *Shaw,* 59 Utah, 536, 205 Pac. 339,

defendant with the offense for which he is held to answer (or any other offense disclosed by the testimony, whether it be the offense charged in the complaint on which the examination was held or not). If the district attorney fails to file the information within the time specified, he shall be deemed guilty of contempt, and may be prosecuted for neglect of duty, as in other cases."

A violation of this section, under certain circumstances, would subject the district attorney to punishment for contempt or to prosecution, for neglect of duty, but would not, of itself, entitle the defendant to a discharge. *State* v. *Reynolds,* 24 Utah, 29, 66 Pac. 614. The right of an accused person ''to have a speedy public trial'' (Const. Utah art. 1, § 12), so far as the filing of the information is concerned, is secured by Comp. Laws Utah 1917, § 9345, which provides:

"The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense, if an information is not filed nor an indictment found against him at the next term of the court at which he is held to answer. * * *"

The information in question was filed in time to avoid a dismissal under section 9345.

Comp. Laws Utah 1917, § 8878, prescribes the grounds upon which an information may be set aside, and the ground alleged by appellant in his motion is not one of them. The motion in itself was insufficient, and the facts in the case were such that the information could not be properly set aside or the prosecution dismissed on account of the time of the filing of the information. The motion to quash the information was therefore denied properly.

Appellant has assigned and argued alleged errors relating to rulings on the admission and exclusion of evidence. A witness, after testifying that the defendant and prosecutrix had been together at his house, volunteered the statement, ''I took it by the way that it appeared to me that he was courting the girl.'' The court refused to strike this statement out. Another witness called to impeach the testimony of the prosecutrix by statements previously made, after testifying that she had made variant statements at a former hearing, was asked by defendant's counsel if she had not made

the variant statements two or three times. The objection of the district attorney to the question was sustained.

The defendant, as a witness in his own behalf, testified that previous to the time of the crime charged he had lent $25 to the parents of prosecutrix to pay the hospital and surgical expenses of prosecutrix when her tonsils were removed. On cross-examination the district attorney was permitted, over defendant's objection, to interrogate defendant concerning his indebtedness to others at the time and his being pressed and sued by his creditors.

There was considerable competent evidence showing association and interest, as well as attachment and affection, by defendant for prosecutrix, and the expression of the opinion or conclusion of the witness that "it appeared to me that he was courting the girl" could not, under the circumstances, result in any prejudice to defendant.

The impeaching witness testified that the contradictory statement was previously made. The objection is that he was not permitted to testify that prosecutrix repeated the contradictory statement two or three times. Strictly speaking, no foundation was laid for showing a repetition of the previous statement, which was the ground upon which the evidence was rejected.

The obvious purpose of the cross-examination of defendant objected to was to show that the lending of the money by defendant for the use of prosecutrix was under circumstances indicating an unusual interest and solicitude on the part of the defendant for the prosecutrix, which we think was a material fact to be shown by cross-examination.

We do not deem the exceptions to the rulings of the trial court on the questions of evidence referred to of any serious consequence, and if either or all of the rulings were erroneous the error would not be sufficient to warrant a reversal of the judgment.

The defendant requested the trial court to give two "cautionary" instructions to the jury. Both were refused, for which error is assigned. The instructions requested were as follows:

"(1)    You are instructed that while it is the rule of law that the defendant may be convicted upon the uncorroborated testimony of the prosecuting witness, Clara Liechty, still you are instructed that you should always act upon such testimony with great care and caution, and, subject it to careful examination in the light of all other evidence in the case, and particularly is this rule applicable in cases of this character where the charge is easily made and hard to defend against, and you ought not to convict upon such testimony alone, unless, after a careful examination of such testimony, you are satisfied beyond all reasonable doubt that it is true.

"(2)    There is no class of prosecution attended with so much danger or which affords so ample an opportunity for the free play of malice and private vengeance as in cases such as that involved in this case.   In such cases the accused may be almost defenseless, although innocent, and the jury, in view of the facility with which charges of this character may be invented and maintained, should be most strict in maintaining the rule that the defendant must not be convicted unless the jury is satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged."

The propriety and necessity for giving cautionary instructions of this kind in rape cases, under certain circumstances, is supported by a few American cases.   *People* v. *Benson,* 6 Cal. 221, 65 Am. Dec. 506; *Conners* v. *State,* 47 Wis. 523, 2 N. W. 1143; *Reynolds* v. *State,* 27 Neb. 90, 42 N. W. 903, 20 Am. St. Rep. 659.   A later case in California holds such instructions improper in a case where the testimony of the prosecutrix is corroborated by other evidence.   *People* v. *Rangod,* 112 Cal. 669, 44 Pac. 1071.   And the Wisconsin court decided in *Loose* v. *State,* 120 Wis. 115, 97 N. W. 526, that the rule does not apply to a case (like the one at bar) where there was consent in fact.   The case at bar did not rest upon the sole testimony of the prosecutrix.   Her testimony was supported by other material facts and circumstances proved by other witnesses.   It was shown that for several months previous to the time of the offense charged the defendant had been paying regular attention to the prosecutrix, visiting with her at her home and taking her out riding with him on numerous occasions; that he represented himself as unmarried, and conducted himself as a suitor; that he was seen on one previous occasion in an automobile with his arm around the prosecutrix; that he was with

the prosecutrix on the day in question, in the vicinity of the place where she testified the act complained of occurred; that after the alleged offense the defendant approached the parents of the prosecutrix and offered to ''settle the matter'' by payment of money and by marrying the girl.

The weight of authority is that such instructions are improper because they state no rule of law, but are mere arguments and constitute an invasion of the province of the jury. *Doyle* v. *State*, 39 Fla. 155, 22 South. 272, 63 Am. St. Rep. 159; *Hamilton* v. *State*, 41 Tex. Cr. R. 599, 58 S. W. 93; *People* v. *Barney*, 114 Cal. 554, 47 Pac. 41; *People* v. *Hoosier*, 24 Cal. App. 746, 142 Pac. 514; *State* v. *Lightheart*, 153 Minn. 40, 189 N. W. 408; *State* v. *Stemmons*, 275 Mo. 544, 205 S. W. 8.

The trial court properly instructed the jury upon the presumption of the defendant's innocence, and the requirement that his guilt must be established beyond a reasonable doubt, and further instructed them that they were the exclusive judges of the facts, the weight of the evidence, and the credibility of the witnesses, and pointed out their right to consider the bias, interest, or motive of any witness, etc., and enjoined upon them their duty, if possible, to reconcile the evidence with the presumption of defendant's innocence.

Under these circumstances no error was committed by the refusal to give the cautionary instructions requested by defendant. *State* v. *Shaw*, 59 Utah, 536, 205 Pac. 339.

The judgment is affirmed.