## STATE v. WADE.

No. 4290.   Decided December 2, 1925.   (241 P. 838.)

1. CRIMINAL LAW—ESSENTIAL CHARACTERISTIC OF ACCOMPLICE IS CRIMINAL GUILT. The essential characteristic of an "accomplice," within Comp. Laws 1917, § 8992, providing that conviction cannot be had on uncorroborated testimony of accomplice, is criminal guilt.

2. CRIMINAL LAW—CRIME OF ADULTERY HELD NOT TO INVOLVE CRIMINAL CONCURRENCE OF TWO PERSONS. Adultery does not necessarily involve criminal concurrence of the two persons who must actually and physically be involved.

3. CRIMINAL LAW—PROSECUTRIX, NOT VOLUNTARILY COMMITTING ADULTERY CHARGED, HELD NOT AN ACCOMPLICE. In view of Comp.

Laws 1917, § 8109, where prosecutrix in adultery prosecution, was 14 years of age, and defendant forcibly had intercourse with her, against her will, and without her consent, she was not an accomplice within section 8992.1"

4. CRIMINAL LAW—UNMARRIED FEMALE UNDER 18 YEARS OF AGE, HELD WITHOUT LEGAL CAPACITY TO CONSENT TO ACT OF ILLICIT SEXUAL INTERCOURSE. An unmarried female, under 18 years of age, has no legal capacity to consent to commission of act of illicit sexual intercourse, and, if she willingly submits to such act, she is not guilty of offense so as to be accomplice.

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie,* Judge.

J. H. Wade was convicted of adultery, and he appeals.

AFFIRMED.

*E. F.·Allen,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. W. Miner,* Asst. Atty. Gen., for the State.

CHERRY, J.

The defendant was accused of the crime of adultery. He was tried before a jury, found guilty, and sentenced to imprisonment in the state prison, from which judgment he has appealed. The appeal challenges the judgment upon the grounds that the defendant was convicted upon the uncorroborated testimony of an accomplice, in violation of Comp. Laws Utah 1917, § 8992, which provides:

---

1 *State* v. *Hilberg,* 22 Utah, 27, 61 P. 215; *State* v. *Bayes,* 47 Utah, 474, 155 P. 335; *State* v. *Burns,* 51 Utah, 73, 168 P. 955; *State* v. *Carter,* 52 Utah, 305, 173 P. 459.

Corpus Juris-Cyc. References.

[1] Criminal Law, 16 C. J. p. 672 n. 82.

[2] Adultery, 2 C. J. p. 15 n. 43.

[3] Criminal Law, 16 C. J. p. 672 n. 84.

[4] Criminal Law, 16 C. J. p. 672 n. 84.

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

The principal evidence on the part of the state consisted of the testimony of the prosecutrix. She testified that she was 14 years of age, and that against her will, and without her consent, the defendant forcibly had sexual intercourse with her at the time and place alleged in the information. It was admitted that defendant was a married man on the date of the alleged offense. There was other evidence on the part of the state, but whether it in itself, and without the aid of the testimony of prosecutrix, tended to connect the defendant with the commission of the offense is a subject of dispute between opposing counsel. We find it unnecessary in this case to consider or determine that question. The defendant denied any improper relations whatever with the complaining witness.

The decisive question on this appeal is whether or not the evidence in the case fixed upon the prosecutrix the character or relationship of an accomplice with defendant in the commission of the offense charged. Defendant requested the court to instruct the jury that prosecutrix was an accomplice, and that a conviction could not be had on her testimony, unless she was corroborated, as provided by the statute. The exceptions taken to the court's refusal to so instruct is the basis for the errors assigned. If prosecutrix was an accomplice, the court erred in refusing the requested instructions, and, if she was not, the requests were properly denied.

The rule of the statute that a conviction cannot be had upon the uncorroborated testimony of an accomplice is based upon the consideration that such testimony comes from a tainted source, and is not entitled to the same credence as the evidence of a witness free from guilt. The essential characteristic of an accomplice is therefore criminal guilt. The approved definitions of the term make this feature clear. Thus, Wharton's Criminal Evidence, § 440:

"An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of a crime. The co-operation in the crime must be real, not merely apparent. The co-operation must be voluntary; hence one who co-operates under fear of life or liberty is not an accomplice. * * *"

In 16 C. J. 672, the following rule is stated:

"As a criminal intent is the essence of all criminal liability, one who, although he may have been in fact a participant in the commission of a crime, acted without any criminal intent, cannot be regarded as an accomplice."

In *People* v. *Coffey,* 161 Cal. 433, 119 P. 901, 39 L. R. A. (N. S.) 704, Mr. Justice Henshaw, after an able and exhaustive discussion of the subject, reaches the conclusion:

"This, then, is the true test and rule: If in any crime the participation of an individual has been criminally corrupt he is an accomplice. If it has not been criminally corrupt he is not an accomplice."

In the case under review the only testimony upon the subject was that, if the offense was committed at all, it was committed forcibly upon the prosecutrix, against her will, and without her consent. There was no evidence 2 whatever that she willingly participated in the act or consented to it, and hence no proof of criminal intent on her part. And there is nothing inherent in the crime of adultery which necessarily involves the criminal concurrence of the two persons who must actually and physically be involved in it.

"In order to constitute the crime of adultery, the act must have been voluntary on the part of defendant. But the consent of the woman is not necessary in order to establish guilt on the part of the man; he is guilty of the offense, although his intercourse with the woman was accomplished by force and against her will, or without her knowledge." 2 C. J. 15.

In *Com.* v. *Bakeman,* 131 Mass. 577, 41 Am. Rep. 248, it is said:

"When a crime charged is one which consists in the concurrent act of two or more, such as conspiracy, such joint action must be alleged and proved. But adultery is not such a crime. One person may be alone guilty of it. The act of sexual intercourse by a married man with an unmarried woman, or by an unmarried man

with a married woman, is adultery in the man without regard to the guilt of the woman. It is an act committed by him, between him and the woman, although she is not the criminal or conscious participant. And it is no less adultery that it is also rape."

Upon the facts in the case, as disclosed by the evidence, it is clear that the prosecutrix was not an accomplice for the reason and upon the grounds that it did not appear that she voluntarily committed the offense charged, or intentionally participated in it or consented to it.

There is another ample and independent reason why the witness in this case could not be an accomplice in the offense charged. The witness was 14 years of age. This fact is undisputed. Nothing appearing to the contrary, it is presumed that she was unmarried. The Penal Code of this state with respect to sexual crimes clearly implies the principle that a female under the age of 18 years (commonly called the age of consent) is incapable of consenting to illicit sexual intercourse, because of her immature age. This principle has been recognized and applied by this court in cases of prosecutions under Comp. Laws Utah 1917, § 8109, which provides that "any person who shall carnally and unlawfully know any female over the age of thirteen years and under the age of eighteen years shall be guilty of a felony." Convictions in such cases had upon the uncorroborated testimony of the female have been repeatedly affirmed upon the grounds that she was not, and under the law could not be, an accomplice. See *State* v. *Hilberg,* 22 Utah, 27, 61 P. 215; *State* v. *Bayes,* 47 Utah, 474, 155 P. 335; *State* v. *Burns,* 51 Utah, 73, 168 P. 955; *State* v. *Carter,* 52 Utah, 305, 173 P. 459. It is thus the settled law of this state that an unmarried female, under 18 years of age, has not the legal capacity to consent to an act of illicit sexual intercourse; and, if she willingly submits to such act, in contemplation of law she is guilty of no offense, because she is incapable of the criminal intent necessary to constitute the act a crime. And this doctrine necessarily applies to all criminal offenses in which illicit sexual intercourse is the principal and essential component. Whether an act of illicit sexual intercourse is committed with such a female under such circumstances or by such a male person as to con-

stitute fornication, adultery, felony, or rape does not affect the rule with respect to her. She is incapable of consenting or forming a criminal intent in any such case. Whether a female person, under 18 years of age, and legally married, has a different legal status in this respect is a question not involved here and upon which we express no opinion.

It follows that the witness in the case at bar was not an accomplice, and that the court properly refused to give the instructions requested by appellant.

Judgment affirmed.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP JJ., concur.