## STATE v. OLSON

No. 6241.   Decided March 27, 1941.   (111 P. 2d 548.)

*L. A. Miner,* of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., for respondent.

WOLFE, Justice.

Defendant appeals to this court from a conviction on a charge of carnal knowledge. The crime was alleged to have taken place at Roosevelt, Utah, on July 30, 1939, on which day defendant, together with the prosecutrix, age 15, and another couple, made an automobile trip from Vernal Utah, to Roosevelt and return.

The prosecutrix testified that the four persons went to a cafe in Roosevelt where they drank some beer. While there, she and the defendant left the other couple and went out of the cafe to the place where the act was alleged to have been committed. Later the same evening an act of intercourse was committed with her by the other man in the party. Medical testimony that she had engaged in such an act on the day in question was received.

A Mrs. Lewis, called for the defense, testified that she had known the prosecutrix for a period of about a year, but that she had not seen her much for several months immediately preceding the trial. Mrs. Lewis was then asked the following question, to which an objection was sustained:

"Do you know what the general reputation of [the prosecutrix] is for truth and veracity in the neighborhood where she resides?"

The trial court also denied defendant's offer to prove by several other witnesses that this girl's general reputation for truth and veracity in the neighborhood where she then resided, was bad.

In this the trial court was in error. Authorities agree that the general reputation of a witness for truth and veracity may *always* be questioned in the trial of a case. The rule is set out in Underhill's Criminal Evidence, 4th Ed., § 423, p. 856, as follows:

"Either state or defendant may *always* introduce independent evidence tending directly to show that a witness for the opponent possesses a bad reputation for veracity to impeach such adverse witness after he has been examined in chief by the party calling." (Italics added.)

See also, Wigmore on Evidence, 2nd Ed., Vol. 2, § 922, p. 301; Jones' Commentaries on Evidence. Vol. 5, § 859, p. 255. This rule has been given wide application in cases before this court, and was explained in detail in *State* v. *Marks*, 16 Utah 204, 51 P. 1089. See also, *State* v. *Barretta*, 47 Utah 479, 155 P. 343.

As set out in Section 104-49-1, R. S. U. 1933, quoted herein in part, this rule does not lend itself to any construction permitting exceptions thereto to be made:

"* * * *in every case*, the credibility of the witness may be drawn in question * * * by evidence affecting his character for truth, honesty or integrity.' (Italics added.)

By Section 105-45-1, R. S. U. 1933, this statute is made to apply to witnesses in criminal cases.

In the light of the authorities, it is difficult to see how question could have been raised as to the admissibility of such testimony, unless such question may have arisen because of the nature of the instant crime and the rules of evidence governing trials on this charge. Where a person is charged with the crime of carnal knowl-

edge, the chastity or general character of the prosecutrix may not be attacked. It is also recognized that she is not an accomplice and her testimony does not, therefore, require corroboration. However, the truth and veracity of her testimony is definitely material and, in this type of case as much as any other, is subject to acceptance or rejection by the jury. *State* v. *Burns*, 51 Utah 73, 168 P. 955; *State* v. *Trego*, 25 Idaho 625, 138 P. 1124.

It is contended by the prosecution that Mrs. Lewis had not qualified to give the desired testimony. We need not examine the question thus raised, inasmuch as the trial court denied defendant's offer to prove the bad reputation of the prosecutrix for truth and veracity by other witnesses whose qualifications were not determined.

It is next contended that the error here discussed was not prejudicial. With this we cannot agree. As is usual in such cases, actual knowledge of the specific act out of which this case arises, was possessed solely by the two alleged participants. As to this we have a direct conflict: the girl's allegation, countered by the defendant's denial. To reach a verdict the jury had to believe one and discredit the other. To hold that it was not prejudicial to refuse to permit the jury to hear evidence as to the general reputation of the prosecuting witness for truth and veracity, we should have to say arbitrarily that the jury would have believed the girl regardless of what her reputation in this respect may have been. This we cannot do.

The decision thus reached necessitates a reversal of the judgment and the granting of a new trial. We are thereby required to pass upon the third and fourth assignments of error having to do with the trial court's failure to give the requested instruction, or any instruction to the jury to the effect that the evidence introduced to convict the defendant on the particular charge in issue, should be received with caution.

As stated by this court in *State* v. *Rutledge,* 63 Utah 546, 227 P. 479, a few American cases support the propriety and necessity of giving cautionary instructions in cases of this nature. However, a preponderence of authority is therein cited to show that such instructions are in fact arguments and state no rule of law. In addition, the facts of the case of *State* v. *Rutledge,* supra, and of other cases referred to in that decision, are relied on to distinguish those cases from others in which such instruction was held proper and necessary. It was held in *People* v. *Rangod,* 112 Cal. 669, 44 P. 1071, that the instruction was improper because the testimony of the prosecutrix was corroborated by other evidence, and in *Loose* v. *State,* 120 Wis. 115, 97 N. W. 526, a like decision was reached because there was consent in fact. The instant case may likewise be distinguished on the facts. The evidence of the defendant corroborates that of the prosecuting witness as to their activities on the day in question, differing only in a denial of the alleged act and as to the lapsed time during which it was alleged to have been committed. For further expressions on the issue here raised, see *State* v. *Shaw,* 59 Utah 536, 205 P. 339; *Strand* v. *State,* 36 Wyo. 78, 252 P. 1030.

In view of the decision we have reached there is no necessity for passing on the error assigned in the lower court's refusal to grant a new trial on the basis of misconduct of the jurors.

The judgment of the trial court is reversed and the case remanded for a new trial.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.