## STATE v. HUNTSMAN.

No. 7192.   Decided March 28, 1949.   (204 P. 2d 448.)

See 52 C. J., Rape, sec. 30; 44 Am. Jur. 913. Rape of consenting female under age of consent, note, 81 A. L. R. 599.

*W. R. Huntsman*, of Salt Lake City, for appellant.

*Grover A. Giles*, Atty. Gen., *Brigham E. Roberts*, Dist. Atty., *Zar E. Hayes* and *A. John Brennan*, all of Salt Lake City, for respondent.

WADE, Justice.

Defendant appeals from a conviction of carnal knowledge. The act shown to have been accomplished with a married female just a few days under 18 years of age. He contends that such act does not constitute the crime of carnal knowledge under our statute, Section 103-51-19, U. C. A. 1943, which provides:

"Any person who carnally and unlawfully knows any female over the age of thirteen years and under the age of eighteen years is guilty of a felony."

Section 14-1-1, U. C. A. 1943, provides:

"The period of minority extends in males to the age of twenty-one years and in females to that of eighteen years; but all minors obtain their majority by marriage."

Counsel argues that since carnal knowledge requires intercourse with a female under 18 years of age, the age that she reaches her majority, that carnal knowledge must be consummated with a minor and that this girl was not a minor because she obtained her majority on ■■ marriage. The statute does not require intercourse with a minor female, it requires that the female be over 13 and under 18 years of age. There is no mention of minority or majority, in fact, intercourse with a minor female under 13 is rape. See Section 103-51-15, U. C. A. 1943. In *Stoker* v. *Gowans*, 45 Utah 556, 147 P. 911, Ann. Cas. 1916E, 1025, under a statute giving the juvenile court jurisdiction of delinquent children under 18 years of age, we held that the marriage of a girl under that age did not divest that court of jurisdiction over her. So here the fact that she had attained her majority is not a defense to this charge.

Defendant further contends that since a female of tender years is incapable of giving her consent to the act of sexual intercourse she is not guilty of a crime by voluntarily indulging in such act. That in such act only the male participant is guilty of a crime and in order for him to commit the offense of carnal knowledge the female must be incapable of giving her consent. He further contends that in enacting this statute the legislature, in view of the foregoing facts, fixed the age of consent by a female to an illicit act of sexual intercourse at 18 years and therefore a female does not commit a sexual offense by engaging in that act before she reaches that age. As an added argument that a female does not reach the age of consent under the age of 18 years, he points out that she attains her majority at that age, and that she cannot obtain a

marriage license under Section 40-1-9, U. C. A. 1943, without the consent of her parents or guardian if she is under that age. He, however, contends that by marriage she attains her majority and may obtain a license to marry a second time even without the consent of her parent or guardian, though she has not attained that age, and since marriage contemplates sexual intercourse, she thereby becomes capable of consenting to such act and that when with her consent she consummates that act with a person other than her husband she is guilty of a crime, the same as the male participant, and therefore he does not commit the crime of carnal knowledge by such act. To this effect he cites *State* v. *Evans,* 27 Utah 12, 73 P. 1047, and *State* v. *Wade,* 66 Utah 267, 241 P. 838.

None of the above cases hold that the male does not commit carnal knowledge by illicit intercourse with a female capable of consenting to that act nor does the statute expressly so provide. The Evans case, supra, merely quotes without comment thereon the allegations of an information which charges carnal knowledge of a female over 13 and under 18 years of age and adds, "she being an unmarried female". The court did not hold or even intimate that such allegation was necessary nor make any comment which tends to support defendant's position.

In the Wade case, supra, the defendant, a married man, was convicted of adultery with a 14 year old girl who resisted his advances and did not consent to the act. He contended that there was no corroboration of her testimony; that she was an accomplice and therefore his conviction was contrary to Sec. 8992, C. L. U. 1917, now Sec. 105-32-18, U. C. A. 1943. We held through Mr. Justice Cherry that she was not an accomplice because the intercourse was accomplished by overcoming her resistance. We further stated that she was not an accomplice because the penal code implies that a female under the age of 18 years (commonly called the age of consent) is incapable of consenting to illicit sexual intercourse because of her immature age.

We cited as sustaining this position Sec. 8109, C. L. U. 1917, now Sec. 103-51-19, U. C. A. 1943, on carnal knowledge, quoted above, and cases under that section holding that the female participant in the illicit intercourse is not an accomplice under the act. We posed the question of whether a married woman between the ages of 13 and 18 years is capable of consenting to illicit intercourse but since that question was not before us, we expressed no opinion thereon.

In *State* v. *Warner,* 79 Utah 500, 291 P. 307, defendant was convicted of incest on the uncorroborated testimony of his 13 year old daughter with whom he had sexual intercourse. Through Mr. Justice Straup, we held that the daughter was not an accomplice, pointing out that under Sec. 8105, C. L. U. 1917, now Sec. 103-51-15, by illicit intercourse with a female under 13 years of age the male commits rape, and by such intercourse with a female over 13 and under 18 the male is guilty of carnal knowledge under the above quoted statute, and this is true in both cases with or without her consent and that neither statute makes such intercourse an offense on the part of the female. After citing cases under those statutes to that effect we cited *State* v. *Wade,* supra, and *State* v. *Winslow,* 30 Utah 403, 85 P. 433, 8 Ann. Cas. 908, commenting that:

"These cases proceed on the theory that the female because of her age was in law incapable of yielding consent and thus was not an accomplice." [79 Utah 500, 291 P. 309]

In the Winslow case the defendant was convicted of an attempt to commit incest upon his 11 year old daughter. Again speaking through Mr. Justice Straup, we said that

"the prosecutrix had not consented as a matter of fact; and, because of her age, under the statute, she was legally incapable of yielding consent." [30 Utah 403, 85 P. 434.]

The incest statute makes no express distinction between the male and female and there is no age limit therein, since the female in that case was under 13 years of age,

only the rape statute supra, could render her incapable of yielding consent because of her age.

Except in the Warner case supra, all of the foregoing cases which discuss the age of consent expressly hold that the female in fact did not consent to the illicit act and therefore it was not necessary to pass on the age of consent. In the Warner case, while the court does not expressly so hold, facts are therein stated that indicate that in that case also the girl did not give her consent. There, the court relying on the Wade case, held that she was incapable of yielding consent under the carnal knowledge statute supra, although the prosecution was for incest and not carnal knowledge.

In England at common law, in the absence of statute, regardless of how young the girl, illicit sexual intercourse was not rape if she consented thereto. The first statute recognizing an age of consent was known as I Westminster, which made it a crime to ravish a maiden ▉▉ "within age either with her consent or without it." The term "within age" was held to be 12 years when she was capable of consenting to marriage. In this state, although a marriage license may not issue to a female under 18 years without the consent of her parent or guardian, she is capable of consenting to marriage at 14 years of age. See Sec. 40-1-2, U. C. A. 1943. Now, in England and this country generally where a statute makes it either rape or carnal knowledge to have illicit sexual intercourse with a female under a specified age without any provision regarding her consent, such statutes are construed as fixing the age of consent. See *State* v. *Winslow*, supra; *State* v. *Wade*, supra; and *State* v. *Warner*, supra. For a discussion of this question see Burdick's Law of Crime, Sec. 486.

Defendant further argues that the carnal knowledge statute was only intended to protect girls who are chaste and virgins, and therefore was not intended to include married women. However, we have held a number ▉ of times that the female in a carnal knowledge case

need not be chaste. See *State* v. *Hilberg*, 22 Utah 27, 61 P. 215; *State* v. *Williamson*, 22 Utah 248, 62 P. 1022; 83 Am. St. Rep. 780; *State* v. *Olson*, 100 Utah 174, 111 P. 2d 548. If chastity is not necessary, then virginity cannot be.

This brings us to the question posed but not answered in the Wade case, of whether by marriage a female under the age of 18 years becomes capable of consenting to illicit sexual intercourse, and is a bar to a prosecution of the male participant in such act under our carnal knowledge statute. The fact that a female under that age is capable of consenting to marriage does not indicate that she can consent to illicit sexual intercourse, nor does the fact that by marriage she is capable of consenting to intercourse with her husband indicate that she is capable of consenting to illicit intercourse with another person. The purpose of the statutes establishing the age of consent is to protect young girls from the illicit acts of the opposite sex, but what a woman does by agreeing to marry, and by indulging in intercourse with her husband after marriage, is not either illegal or considered immoral, and is not the kind of sexual acts that the statutes establishing the age of consent is intended to avoid. But such a married woman still is immature and still needs the protection of this kind of law. Had the legislature intended to exclude her from the protection of this statute it could have very easily so provided. Since it did not, we do not feel justified in reading such a provision into the statute. To this effect, see *People* v. *Sheffield*, 9 Cal. App. 130, 98 P. 67; *State* v. *Shobe*, Mo. Supp. 1924, 268 S. W. 81. Both of these were rape cases, but the principle is the same. We conclude that illicit sexual intercourse with a female between the ages of 13 and 18 years constitutes the crime of carnal knowledge even though the female is a married woman.

Finally, defendant argues that since the female was a married woman, if defendant committed the act charged he was guilty of adultery under Sec. 103-51-3, U. C. A. 1943,

and therefore he is not guilty of carnal knowledge because the legislature did not intend to make him guilty of two offenses by one and the same act. It is possible for the same act to constitute many offenses under our penal code, each of which require a different element and therefore none of them would be included offenses but all of the elements of the different offenses might be present in one act. Thus if an unmarried man by force had sexual intercourse with his married daughter who was between the ages of 13 and 18 years, that act would satisfy the requirements of adultery, incest, fornication, rape and carnal knowledge, and all would be accomplished by one and the same act. The element of force in rape is the only difference in the nature of the act required to accomplish all of these offenses as the only other distinguishing features between these various offenses are in the status and relationship of the parties. If only one crime can be committed by one act or series of acts there is no method of determining which one of these crimes has been committed where the act satisfies the requirements of more than one of them. If we in this case hold that because the defendant is also guilty of adultery he is not guilty of carnal knowledge, then by the same reasoning we would be required to hold that he is not guilty of adultery if he were charged therewith because he is guilty of carnal knowledge.

Section 103-1-22, U. C. A. 1943, expressly covers this situation as follows:

"An act or omission which is made punishable in different ways by different provisions of this code *may be punished under any one of such provisions*, but in no case can it be punished under more than one; an acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (Italics added.)

It is clear that under that section a defendant could be prosecuted in a case of this kind for any offense which his act satisfied the requirements thereof, but could only

be convicted or acquitted for one offense for the same act. In *State* v. *Winslow,* supra, we expressly held that the defendant could be convicted of incest even though the fact showed that he was also guilty of rape.

This case is distinguished from *State* v. *Thatcher,* 108 Utah 63, 157 P. 2d 258, and *State* v. *Empey,* 65 Utah 609, 239 P. 25, 44 A. L. R. 558, where the defendant was first convicted of reckless driving. Such driving caused an accident and the death of another person and he was charged later with manslaughter. We held that since the manslaughter charge not only required reckless driving but the additional resulting event of an accident and death, the two crimes did not result from the same act or omission and Sec. 103-1-22, U. C. A. 1943, did not apply to those cases.

The judgment of the trial court is affirmed.

PRATT, C. J., and McDONOUGH, J., concur.

WOLFE, Justice.

I concur in the result. I am unable to see where the consent of the female enters into the question of whether the male has committed carnal knowledge. Whether or not a girl between 13 and 18 consents to the intercourse, the male is guilty. Therefore, if the girl is between the ages of 13 and 18 whether married or not and whether or not marriage removes the legal inability to consent, the male who has sexual intercourse with her is guilty of carnal knowledge.

The contention of the defendant appears to be that the marriage before 18 made her legally capable of consenting and that such consent was then the same as if it had been given by a girl older than 18 years of age and since intercourse with a girl over 18 years of age would not make the man guilty of carnal knowledge, that intercourse with a married girl below 18 consented to would not make the

man guilty of carnal knowledge. That argument was fully answered in the second paragraph of the prevailing opinion. Consequently, I see no occasion for a review of our cases or to now answer the unanswered question in the Wade case.

LATIMER, J., concurs in the opinion of Mr. Justice WOLFE.