SKEEN et al. v. PRATT, Judge, et al.

No. 5654.  Decided August 15, 1935.  (48 P. [2d] 457.)

*Geo. P. Parker* and *Skeen & Skeen,* all of Salt Lake City, for plaintiffs.

*Thatcher & Young,* of Ogden, for defendants.

ELIAS HANSEN, Chief Justice.

This is an original proceeding commenced in this court whereby plaintiffs seek a writ of mandamus commanding the defendant district court of Weber county, Utah, and Hon. Eugene E. Pratt, one of the judges thereof, to hear and determine a motion filed in that court to vacate a sheriff's sale of real property situated in Weber county, Utah. It is in substance alleged in plaintiffs' verified petition for the writ: That in a mortgage foreclosure suit brought in the district court of Weber county, Utah, by *Mary E. Rawson et al. v. Joseph Skeen et al.,* plaintiffs in this proceeding, a decree of foreclosure was entered directing the sheriff of Weber county to sell fifteen separate and distinct tracts of land; that thereafter an appeal from said decree was prosecuted to this court, which appeal is still pending; that no supersedeas bond was given on such appeal; that after the appeal was perfected the plaintiffs in that suit

caused an order of sale to be issued and placed in the hands of the sheriff of Weber county; that the real estate ordered to be sold is located in three separate precincts in Weber county, but the sheriff before making the sale neglected to post any notice of the sale in one of such precincts; that the sheriff, contrary to law, offered all of the mortgaged real estate for sale in one parcel; that plaintiffs in that action directed the sheriff to so sell the real estate as to prevent the redemption thereof in separate lots and parcels; that the sheriff, under the direction of plaintiffs in that suit, purported to sell an unencumbered fee-simple title to the property covered by the mortgage, whereas in truth and in fact some of the real property was covered by a real estate mortgage in favor of the State Land Board of Utah and other parts of the mortgaged property were held in trust by the plaintiffs in that suit, but the sheriff failed to give notice of such facts; that the sale of the property was inequitable and prejudicial to the rights of the defendants in that action, plaintiffs in this proceeding; that prior to the time of the expiration of the period of redemption, plaintiffs in this proceeding filed in the foreclosure suit a motion praying that the sale of the real property affected by the mortgage foreclosure be set aside because such sale was made contrary to law; that the motion so made, a copy of which is attached to and made a part of the petition herein, came on regularly for hearing, but the defendant district judge refused to hear the same and threatened to strike such motion from the files because the main cause was pending on appeal in the Supreme Court of Utah; and that, therefore, the district court was wholly without jurisdiction to hear and determine such motion.

Upon the filing of the verified petition in this court an alternative writ of mandamus was issued directing the defendants either to hear and determine the motion to vacate the sale of the real property covered by the mortgage or show cause before this court why they should not do so. Pursuant to the writ, defendants appeared. They filed a

general demurrer to the petition for the writ, moved to quash the alternative writ heretofore issued, made return of the proceedings had in the foreclosure suit, and answered, denying some of the allegations contained in the petition for the writ.

Upon the record thus made, oral arguments have been had, briefs filed, and the cause submitted for determination. No claim is made that the validity of a sale of property under a decree of mortgage foreclosure may not ∎ be brought in question by a motion duly made in the foreclosure suit. Such practice has quite generally received judicial approval. 35 C. J. 108, 109; 42 C. J. 227.

It is urged on behalf of the defendants district court and the judge thereof that because an appeal was pending in this court attacking the decree of foreclosure the cause was wholly in this court and the district court was without jurisdiction to hear and determine the motion to ∎ vacate the sale had under said foreclosure proceeding. The case of *State* v. *Carter*, 52 Utah 305, 173 P. 459, 461, is cited in support of that contention. Our attention is particularly called to a quotation in that case made with approval from Elliott's Appellate Procedure, § 541, wherein it is said:

"The overwhelming weight of authority is that an appeal, properly perfected, removes the case wholly and absolutely from the trial court and places it in the higher tribunal. It is difficult to conceive how it could be otherwise, since it is not possible that two courts can have authority over a single case at the same time. The case must, of invincible necessity, be in the higher court or in the lower court, for it cannot be in both courts. As the authority of the inferior yields to the superior, the case is, for all purposes connected with the consideration and decision of the questions involved in it, completely within the jurisdiction of the appellate tribunal."

The author of that excellent work did not state the rule as broadly as contended for by defendants. In the next sentence following that quoted it is said:

"The right to order process to enforce the judgment remains in the trial court where there is no supersedeas or order staying proceedings,

but all jurisdiction over questions involved in the litigation and embraced by the judgment terminates with the removal of the case to the appellate tribunal."

In the instant case, while the decree appealed from directed a sale of the mortgaged property, the irregularities complained of were in no sense involved in the litigation resulting in the decree of foreclosure or embraced within such decree. In Bancroft's Code Prac. & Remedies, vol. 8, p. 8684, § 6568, the law applicable to the matter in hand is thus stated:

"In a case of an appeal without supersedeas or stay, the judgment or order appealed from is enforceable as though no appeal had been taken."

The citation of additional authorities on this phase of the case would seem unnecessary, because if an appeal without a supersedeas bond wholly divests the trial court of power to enforce the judgment or decree appealed from, the giving of a supersedeas bond would be meaningless. The sole purpose of a supersedeas bond is to stay the enforcement of the judgment or decree pending the appeal. As an incident to the authority remaining in the trial court to enforce a decree of foreclosure, where an appeal is had without a supersedeas bond or stay, is the authority to compel compliance with the law with respect to the execution of process, and if for any reason such process is improperly executed, then and in such case to vacate the improper proceeding had pursuant to the process, and order the issuance of another in lieu thereof. The court below was in error in holding that it was without jurisdiction to hear and determine the motion to vacate the order of sale.

It is next urged on behalf of the defendants that even though the irregularities complained of occurred in the sale, still such irregularities are not such as to entitle plaintiffs herein to have the sale vacated, and therefore the alternative writ of mandamus heretofore issued by this court should be quashed and the petition dismissed. Our attention is directed to the familiar doctrine

that a writ of mandamus will not be issued when it would be futile, since the purpose of issuing the writ is to accomplish some useful purpose. Application of the rule is generally confined to those cases where it is clear that no useful purpose will be accomplished by the issuance of the writ. Conceding, without deciding, that the allegations upon which the motion to vacate the sale in question was based were insufficient, if found true, to entitle plaintiffs to the relief sought, still it does not follow that the writ prayed for in this proceeding should be denied. Proceedings had with respect to whether a writ of mandamus should or should not issue may not properly assume the functions of a suit in equity or an action at law. In a proceeding where the trial court has jurisdiction of the parties and the subject-matter, it is the duty of that court to pass upon the sufficiency of the pleadings when they are brought in question. To permit the parties to an action at law or a suit in equity pending before a trial court to test the sufficiency of the pleading for the first time in this court upon an application for a writ of mandamus would be an unwarranted extension of the functions of mandamus proceedings. The rule that a writ of mandamus will not issue, where it would be futile to issue the same, does not apply to the case in hand.

In the motion to vacate the sale filed in the court below, there is at least an attempt to plead not only irregularities in the sale, but also that such irregularities were purposely brought about by those in whose favor the decree of foreclosure was entered. If the pleadings now filed in the court below should be found to be insufficient in form or in substance, it may be that the defect can be cured by amendment. In any event, the motion should be disposed of in the court below.

We express no opinion as to the sufficiency of the form or substance of the allegations which are the basis of plaintiffs' claim that they are entitled to have the sale in question vacated. It is in the first instance, the duty of the trial court to pass on such question.

The defendants are directed to hear and determine the motion filed in the defendant district court seeking to vacate the order of sale. No costs will be allowed either parties in this proceeding.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.