492 P.2d 978

**STATE of Utah, Plaintiff and Respondent,**
**v.**
**Darrell Eugene HEATH, Defendant**
**and Appellant.**

**No. 12610.**

Supreme Court of Utah.

Jan. 11, 1972.

---

1. State v. Moraine, 25 Utah 2d 51, 475 P.2d 831.

**14**

Glen E. Davies and Robert D. Maack, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The appellant appeals from a conviction of grand larceny. The evidence shows that he was driving a car about ten or fifteen minutes after it had been stolen. When a highway patrol officer stopped him, the appellant immediately drove away at a high and dangerous rate of speed. Capture was effected only after the officer had crashed into the stolen car and after the appellant fled therefrom.

The State proved the foregoing and rested. The appellant moved for a dismissal on the ground that the State had not proved a case of larceny based upon Section 76–38–1, U.C.A.1953, which reads:

> Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another. Possession of property recently stolen, when the person in possession fails to make a

satisfactory explanation, shall be deemed prima facie evidence of guilt.

█ The appellant claims that the State should have proved that he failed to make a satisfactory explanation of his possession and cites some old Utah cases to support his contention.[1]

Under recent cases of the United States Supreme Court practically preventing an officer from conversing with a defendant who is in custody, it would be pretty difficult for an officer to find out from a defendant how he came into possession of the recently stolen property, and then be able to tell the jury what was said.

█ The mere possession of stolen property unexplained by the person in charge thereof is not in and of itself sufficient to justify a conviction of larceny of the property.[2] It is, however, a circumstance to be considered in connection with the other evidence in the case in the determination of the guilt or innocence of the possessor. Such possession is a circumstance tending in some degree to show guilt, although it is not sufficient, standing alone and unsupported by other evidence, to warrant a conviction. In addition to the proof of the larceny and of the possession by the defendant, there must be proof of corroborating circumstances tending of themselves to show guilt. Such corrobo-

rating circumstances may consist of the acts, conduct, falsehoods, if any, or other declarations, if any, of the defendant which tend to show his guilt.

█ While an accused need not give evidence against himself in a criminal case, still one who is found in possession of recently stolen property is bound to explain such possession in order to remove the effects of the possession as a circumstance pointing to his guilt; and if he gives a false account of how he acquired that possession, or if he claims to be the owner of the property stolen, or if he flees or attempts to flee when discovered, or having a reasonable opportunity to show that his possession was honestly acquired he fails or refuses to do so, such conduct would be a circumstance which would tend to show guilt.

In the instant case the appellant was discovered driving the automobile within a few minutes after it was stolen. When stopped by the officer, he fled and did not stop until the car he was driving was disabled. Even then he attempted to flee on foot and surrendered only when he was confronted with a sawed-off shotgun in the hands of the officer. This conduct was sufficient, when considered in the light of the very recent taking of the car, to justify the refusal of the trial court to discharge

1. See State v. Kinsey, 77 Utah 348, 295 P. 247 (1931).

2. *Id.*

the defendant at the end of the State's case.

Even if the State's evidence did not disclose how the appellant came into possession of the stolen property, such a failure was supplied by the defendant himself, who voluntarily took the witness stand and gave an explanation of his possession of the car which the jury could hardly have believed.

The appellant was not required to explain to the satisfaction of the arresting officer how he became possessed of the stolen car. His duty was to explain to the satisfaction of the jury that his possession was properly acquired, and this he failed to do.

■ The possession of property recently stolen is competent evidence in a case of larceny and is not made more so by the statute.[3]

■ The appellant further makes the contention that he was not properly represented by his counsel. This argument is one commonly made by criminals. However, the record in this case belies the contention, and we think there is no merit to the claim.

The judgment and sentence of the trial court are affirmed.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

CROCKETT, Justice (concurring):

I concur in affirming the conviction. But I cannot agree with the statement in the third to last paragraph of the main opinion that: "The appellant was not required to explain to the satisfaction of the arresting officer how he became possessed of the stolen car." When he was accosted by the officer he was certainly confronted with the necessity of doing something; and whatever he did would become a part of his conduct in relation to the stolen automobile. That conduct is his responsibility for which he must be held accountable.

Among the alternatives were these: He might make a perfectly reasonable and acceptable explanation of his possession; or he may remain silent and refuse to say anything whatsoever; or he may make an explanation so obviously false or incredible that the officer would refuse to accept it and place him under arrest; or he may flee the scene, or attempt to do so.

Notwithstanding any expressions that may seem to be to the contrary, I cannot agree that the law is or ought to be other than this: Where a person is accosted by an officer under the circumstances shown in this case, what he says and does is and should be competent evidence as bearing on his guilt or innocence. It is therefore my opinion that the accused was obliged either

3. State v. Laris, 78 Utah 183, 191, 2 P.2d 243 (1931).

to make a satisfactory explanation of his possession of the car to the officer, or to take the consequences of any other course of conduct he chose. However, I acknowledge that whether an explanation given by him is satisfactory or otherwise is a question ultimately to be passed on by the jury.