The STATE of Utah, Plaintiff and Respondent,

v.

Max James NUNEZ, Defendant and Appellant.

No. 13523.

Supreme Court of Utah.

March 25, 1974.

Bruce C. Lubeck, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

Defendant was found guilty of forcible rape and was sentenced to serve not less than one nor more than 15 years in the Utah State Prison, and he appeals.

On June 21, 1973, the prosecutrix, and a woman companion, had left a tavern in downtown Salt Lake City at about 3:00 a. m. The two women being without sufficient funds to call a taxicab attempted to hitchhike a ride to their homes. They were offered a ride by the defendant and Nick LeRoy Gallegos. The prosecutrix got in the front seat with the two men and her companion got in the rear seat. Gallegos, who was the operator of the automobile, drove to the intersection of 17th South and State Street where the woman companion left the automobile. Gallegos then proceeded northward on State Street, but on reaching South Temple Street he proceeded north rather than turning toward the east where the prosecutrix lived. Gallegos proceeded to the west side of Salt Lake City and then to Memory Grove and up City Creek Canyon. The automobile was stopped in some bushes off the roadway. During the ride the prosecutrix pleaded with the men to take her home, and after the automobile was stopped she pleaded with them not to hurt her nor to proceed further with their purpose. During the course of the ride the two men conversed in Spanish for the most part, a language with which the prosecutrix was not familiar. After the automobile had been stopped, defendant ordered the prosecutrix to get in the back seat and threatened her with violence if she did not comply. In

the back seat the defendant proceeded to remove part of the prosecutrix's clothing, and then had intercourse with her. Other than pleading and crying, the prosecutrix offered little physical resistance, but she did testify that she greatly feared physical abuse from the defendant and his companion should she resist. During the time the automobile was stopped an inquiry was made by one of the men as to the location of a knife which was in the car, and at the trial Gallegos testified that the purpose of the knife was to pick the lock on the trunk of the automobile. The prosecutrix was unaware that the knife would be used for that purpose. A police car approached the Gallegos automobile and shined spotlight on it, at which time Gallegos left and the defendant fled from the automobile and hid among the bushes. The prosecutrix cried out that she was being raped, and thereafter the officers succeeded in finding and capturing the defendant.

This offense was committed approximately ten days prior to the effective date of the Utah Criminal Code, and pursuant to its terms the defendant was entitled to any defenses available under the code. On appeal it is the defendant's contention and the main thrust of his appeal that the trial court failed to instruct the jury as to the sufficiency of the prosecutrix's resistance as defined by Section 76–5–406(2), which provides as follows:

> The actor compels the victim to submit or participate by any threat that would prevent resistance by a person of ordinary resolution; . . . .

While the court did not instruct in the language of the statute, the instructions given by the court were sufficient to inform the jury as to the resistance required by a female, and the effect of her being prevented from resisting by threats of immediate and great bodily harm which create in the mind of the female a real apprehension of dangerous consequences.

After a careful consideration of the entire charge of the court, we find no prejudicial error which would compel a reversal. In this connection, and after a careful appraisal of the evidence, there is nothing to indicate that the prosecutrix consented or that her conduct would tend to create an impression in the mind of the defendant that the prosecutrix had in fact consented.[1]

The only other claimed error on the part of the defendant has to do with a question asked the defendant on cross-examination by the prosecutor. It is the defendant's contention that the question was a comment on the defendant's privilege against self-incrimination. The trial court denied the defendant's motion for a mistrial but did strike the question from the record. It appears to us that the claimed error was not prejudicial.

After a careful consideration and examination of the entire record we find no error of sufficient gravity as to require a reversal. The judgment of the court below is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1.  State v. Roberts, 91 Utah 117, 63 P.2d 584.