**STATE of Utah, Plaintiff and Respondent,**

v.

**William Harrison CLAYTON, Defendant and Appellant.**

**No. 17140.**

Supreme Court of Utah.

Jan. 27, 1983.

---

Shelden R. Carter, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant, a resident of Provo, Utah, was convicted by a jury of auto theft.[1] He visited a former classmate in Yucca Valley, California, arriving in a stolen car which was identified without dispute as the subject of the offense charged. Such positive identification of serial number, etc.,[2] was accomplished by the combined testimony of the owner, the defendant's former classmate and the peace officer who brought defendant back to face the charge.

The defendant urges three issues on appeal: (1) insufficiency of the evidence; (2) error in limiting defense counsel's cross-examination of the defendant's former classmate, whom he visited in Yucca Valley; and (3) a claimed erroneous instruction to the jury.

As to the insufficiency of the evidence, the defendant's main contention is that the time between the theft and the showing of defendant's "possession," was too remote to satisfy U.C.A. 1953, § 76–6–402(1). That legislation provides as follows:

> Possession of property recently stolen, when no satisfactory explanation is made, shall be deemed prima facie evidence that the person in possession stole the property.

The defendant's brief asserts that the car "was found to be in defendant's possession weeks after the victim had discovered it missing." The record belies such an assertion, since the undisputed facts reflect that the car was reported missing to the Provo police on November 14, 1979, and

---

1. In violation of U.C.A., 1953, §§ 76–6–402 and –412.

2. While in California, defendant had repainted the car and removed the top.

that defendant appeared with the car at his friend's home in Yucca Valley just six days later on November 20, 1979.

The defendant cites a number of cases having to do with inadmissibility or ineffectiveness of testimony by showing remoteness of time between theft and unexplained possession to sustain his burden of explaining no theft.[3] In those cases, no lapse of time was less than 23 days and the greatest was 14 months. Although the time factor is a relative matter to be viewed along with other circumstances, time frames of from 4 to 30 days have been determined to be sufficiently "recent" to raise the statutory presumption that requires rebuttal proof by the defendant.[4]

It is true that we have held that mere possession is not sufficient to establish guilt. In *State v. Heath,* 27 Utah 2d 13, 492 P.2d 978 (1972), we had the following to say:

> The mere possession of stolen property unexplained by the person in charge thereof is not in and of itself sufficient to justify a conviction of larceny of the property. It is, however, a circumstance to be considered in connection with the other evidence in the case in the determination of the guilt or innocence of the possessor. Such possession is a circumstance tending in some degree to show guilt, although it is not sufficient, standing alone and unsupported by other evidence, to warrant a conviction. In addition to the proof of the larceny and of the possession by the defendant, there must be proof of corroborating circumstances tending of themselves to show guilt. Such corroborating circumstances may consist of the acts, conduct, falsehoods, if any, or other declarations, if any, of the defendant which tend to show his guilt.

27 Utah 2d at 15, 492 P.2d at 979.

Defendant's attempts to alter the appearance of the stolen vehicle are such corroborative circumstances. The evidence in the instant case is sufficient to support the conviction.

Defendant also contends that he should have been permitted to cross-examine his classmate regarding promises of immunity from prosecution in California. While it is true that "[t]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination,"[5] a defendant is not entitled to embark on fishing expeditions. Our review of the record discloses no foundation whatsoever for any questions about grants of immunity from prosecution in either Utah or California. Defense counsel failed to establish that the witness was under investigation, was a suspect, or had been charged in connection with any criminal offenses in either jurisdiction. The trial court, outside the presence of the jury, said the defense could ask questions as to grants of immunity in Utah, but not in California, apparently on the theory that no relevance between any actions in California and this prosecution in Utah had been shown. The prosecution assured the court that there had been no grant of immunity in Utah, and there was no evidence about any Utah charges. Thus, in the absence of any foundation questions and testimony showing that the witness was subject to any criminal proceedings, it was not error for the trial court to sustain objections to questions about grants of immunity.

Defendant claims error in an instruction on the ground that the court said "possession of property recently stolen is a circumstance tending to establish a prima facie *case* of guilt." It is conceded that the instruction may have been in error,[6] but it

---

3. *E.g., State v. Jolley,* Utah, 571 P.2d 582 (1977).

4. *People v. McFarland,* 58 Cal.2d 748, 26 Cal. Rptr. 473, 376 P.2d 449 (1962); *State v. Wilson,* 198 Kan. 532, 426 P.2d 288 (1967); *Crain v. State,* Tex.Cr.App., 529 S.W.2d 774 (1975).

5. *State v. Chesnut,* Utah, 621 P.2d 1228 (1980).

6. *State v. Crowder,* 114 Utah 202, 197 P.2d 917 (1948); *State v. Wood,* 2 Utah 2d 34, 268 P.2d 998 (1954); *State v. Smelser,* 23 Utah 2d 347, 463 P.2d 562 (1970), cert. denied, 398 U.S. 966, 90 S.Ct. 2181, 26 L.Ed.2d 551 (1970).

cannot be said to be prejudicial. The other instructions sufficiently apprised the jury *in extenso,* so as to render harmless the use of "case" in the instruction instead of "evidence," as used in the statute. The instruction itself clearly stated that possession of stolen property is not alone sufficient to warrant a conviction, and "may be taken into consideration with all the other evidence." In view of the whole record and all the instructions, any error was harmless.

Affirmed.

HOWE, J., dissents.