The STATE of Utah, Plaintiff and Respondent,

v.

James W. MILLER, Defendant and Appellant.

No. 20583.

Supreme Court of Utah.

Oct. 10, 1986.

Bradley H. Parker, Steven C. Osborn, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant James W. Miller appeals from a forcible sodomy conviction on the ground that the trial court erred in refusing (i) to permit examination regarding a behavioral evaluation of the victim and counseling recommendations made by a social worker some two years after the crimes charged, and (ii) to give defendant's proposed instruction regarding the credibility of the chief prosecution witness. We affirm. Defendant failed to establish the relevance of the examination into the evaluation of the victim's emotional condition when challenged at trial, and the substance of the proposed instruction was contained in other instructions given to the jury.

Miller was charged by information with rape and forcible sodomy, both allegedly committed on his stepdaughter during March of 1981. At trial, Miller contended that the charges were fabricated by the victim. Defense counsel attempted to cross-examine one of the State's witnesses, Ruth Miller, defendant's former wife and the victim's mother; first, about the victim's disruptive behavior, and second, concerning a behavioral evaluation of the victim and her family conducted in early 1985. Defense counsel also called as a witness, DeLynn Anderson, the state social worker who had performed the behavioral evaluation, and sought to elicit testimony from her, both about the victim's disruptive behavior and about the recommendations resulting from the evaluation. Despite the State's objections, the court permitted examination of both witnesses about the victim's disruptive behavior. However, the trial court sustained objections to questions relating to the recommendations made upon the basis of the behavioral evaluation on the grounds of lack of foundation, irrelevance, and hearsay with respect to the mother and on the basis of irrelevance with respect to the social worker.

At the close of trial, Miller proposed an instruction cautioning the jury that the victim may have fabricated the charges. This instruction reads as follows:

> It is the defendant's theory of the case that [the victim] has fabricated the charges against the defendant because of her dislike for him. Charges such as those made against the defendant in this case are easily made, and once made, difficult to defend against, even if the person is innocent. Therefore, the law requires that you examine the testimony of the female person named in the Information with caution.

The trial court refused to give this instruction. The jury acquitted Miller on the rape charge but found him guilty of forcible sodomy.

On appeal, Miller assigns two errors which he claims prejudiced his case. His first claim is that the trial court erred in limiting his examination, both on direct of DeLynn Anderson and on cross of Ruth Miller. With respect to the direct examination of DeLynn Anderson, the issue is clear. All testimony offered must have a proper foundation and must be relevant. *See* Utah R.Evid. 402. In addition, it must either be nonhearsay or must fit within a hearsay *exception*. *See* Utah R.Evid. 801–06. The admission or exclusion of evidence is for the trial court to determine as an initial matter, and its judgment will be overturned only for an abuse of discretion. *See, e.g., Terry v. ZCMI,* 605 P.2d 314 (Utah 1979). In the present case, defense counsel made no effort to overcome the State's objections on any ground.

■ Miller's counsel was prevented from asking DeLynn Anderson questions about a behavioral evaluation of the victim completed some two years after the alleged commission of the crime. On appeal, Miller contends that his counsel was attempting to discover information about the victim's mental state and her disruptive conduct within the family, which he contends is relevant to her possible motive for testifying against him. However, nothing in the questions asked at trial made this connection obvious, and defense counsel did not attempt to establish the relevance of the line of inquiry when challenged. Under these circumstances, we cannot say that the trial judge committed reversible error in refusing to permit this line of questioning.

■ A similar analysis applies to the question whether the trial court erred by refusing to permit cross-examination of the victim's mother on the same subject. The right to cross-examine is broad and seldom should be limited by the trial court. Indeed, we have recognized that "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony is tested." *State v. Maestas,* 564 P.2d 1386, 1388 (Utah 1977) (*quoting Davis v. Alaska,* 415 U.S. 308, 316, 94

S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)). "The exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *State v. Chesnut,* 621 P.2d 1228, 1233 (Utah 1980) (*disapproved on other grounds, State v. Crick,* 675 P.2d 527 (Utah 1983)). Still when challenged, the cross-examiner, like the direct examiner, must establish the relevance of a proposed line of inquiry, and the failure to do so justifies a court's refusal to permit the questioner to proceed. "[A] defendant is not entitled to embark on fishing expeditions" in the course of cross-examination. *State v. Clayton,* 658 P.2d 621, 623 (Utah 1983). Here, the failure of counsel to explain the relevance of his questions during cross-examination leads us to the same conclusion we reach regarding the direct examination: the trial court did not abuse its discretion in limiting the examination into the behavioral evaluation that the victim and the family underwent two years after the crime allegedly was committed. In light of the fact that defense counsel did not offer to establish the relevance of the excluded testimony, we need not reach the issue whether counsel laid a sufficient foundation or established that the testimony was nonhearsay or an exception to the hearsay rule.

■ But even if the trial court's refusal to permit the questioning could be said to have been error (which it might well have been had defense counsel explained the relevance of his questions, laid a proper foundation, and overcome the hearsay objection), it did not materially prejudice defendant. *See* Utah R.Evid. 103(a). Despite the rulings of the trial court, defense counsel still was permitted to elicit testimony from DeLynn Anderson that the victim had been recommended for counseling and that she was having problems at school. Defendant also secured testimony from Ruth Miller that the victim often argued with her and that she was frustrated with the victim's disruptive behavior. The victim herself admitted that she hated defendant, did not want him to get custody of her brother,

Eric, in a separate custody proceeding, and did not like defendant's relationship with her mother. Thus, although counsel was not permitted to introduce into evidence the details of the 1983 evaluation, the victim's bias against defendant was amply shown by other evidence. In addition, defendant admits in his brief to this Court that he does not know what relevance any further testimony would have had regarding the victim's truthfulness; he only speculates that it would have been helpful. In light of the foregoing, defendant was not materially prejudiced by the trial court's ruling.

Miller's second claim on appeal is that the trial court erred in refusing to give at least part of his proposed jury instruction. Defendant concedes that the last two sentences of his proposed instruction are improper under Utah law because they are cautionary in nature and amount to comment or argument on the evidence. *State v. Rutledge*, 63 Utah 546, 550–51, 227 P. 479, 481 (1922); *State v. Reddish*, 550 P.2d 728, 729 (Utah 1976). However, Miller claims the first sentence in his instruction should have been given to the jury because it represents his theory of the case.

■ While a criminal defendant is entitled to have the jury instructed on the law underlying his or her theory of the case if the evidence supports such an instruction, *State v. McCumber*, 622 P.2d 353, 359 (Utah 1980), a defendant has no right to multiple instructions setting forth his or her theory of the case. *Coca v. People*, 154 Colo. 488, 391 P.2d 462, 463 (1964). Miller's theory was that the charges against him were fabricated. He contends that this theory was embodied in the proposed instruction. However, other instructions given in this case amply set forth the law on the issues. The jury was instructed that in judging the credibility of the witnesses, they could take into account a witness's bias or motive for testifying, and that they might disregard the entirety of any witness's testimony if they believed that witness testified falsely as to any material fact. These instructions gave Mil-

ler's counsel all he needed to argue his theory to the jury.

For the foregoing reasons, the conviction is affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.